1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PINK LOTUS ENTERTAINMENT,
     LLC,
11
                    Plaintiff,                    No. 2:11-cv-03073 WBS KJN
12
             v.
13
     JOHN DOE,
14
                    Defendant.                    ORDER
15   _____/

16             Presently before the court is plaintiff's ex parte application for leave to take

17   expedited discovery, which plaintiff filed on January 6, 2012.  (App. for Expedited Discovery,

18   Dkt. No. 7.)  Plaintiff, Pink Lotus Entertainment, LLC ("plaintiff"), did not notice the ex parte

19   application for hearing.  The undersigned concludes that oral argument would not be of material

20   assistance in resolving the application.  Accordingly, the application will be decided on the

21   papers submitted.[1]

22             Through plaintiff's application for expedited discovery, plaintiff seeks permission

23   to serve a discovery subpoena upon a third party named Steve Polan, the "account holder

24   associated with" the Internet Protocol ("IP") address "67.164.219.14," which was allegedly used

25   _____

26        [1]  This case was referred to the undersigned pursuant to Eastern District of California Local
     Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

                                              1

in connection with infringement upon plaintiff's copyrighted adult video entitled *Dexxxter* ("Video").  Although plaintiff alleges that Mr. Polan is the "holder" of the account allegedly used to infringe upon plaintiff's copywritten Video, plaintiff has not formally named Mr. Polan as a defendant in this action because "the relationship between an account holder and infringer can be imperfect."  (Complaint, ("Compl."), Dkt. No. 2 ¶ 1; App. for Expedited Discovery at 9.) Instead, plaintiff requests expedited discovery (in the form of deposing Mr. Polan as a third party), purportedly to obtain the identities of the defendant(s) alleged to have used Mr. Polan's account associated with IP address "67.164.219.14" to infringe on plaintiff's rights in regards to the Video.  (App. for Expedited Discovery at 5; see also Compl. ¶¶ 1-4, 19-37.)

The undersigned has considered plaintiff's application and, for the reasons stated below, denies plaintiff's application to conduct limited early discovery pursuant to Federal Rule of Civil Procedure 26(d)(1).

I.      BACKGROUND

On November 21, 2011, plaintiff filed a complaint for copyright infringement and civil conspiracy against John Doe, an unnamed defendant.[2]  (Compl. ¶ 1.)  Plaintiff is a producer of adult entertainment content, and is alleged to be the exclusive holder of the relevant rights with respect to the Video.  (Compl. ¶¶ 3-4.)  In the course of monitoring Internet-based infringement of its copyrighted content, plaintiff's agents allegedly observed unlawful reproduction and distribution of the Video occurring over a particular IP address via the Bit Torrent file transfer protocol, the mechanics of which are further described in the Complaint.[3]

---

[2]  The use of "Doe" defendants is generally disfavored.  Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  However, a plaintiff should be given an opportunity through discovery to identify such defendants where the identities of those defendants are not be known prior to the filing of a complaint, "unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds."  Id.

[3]  A magistrate judge in the Northern District of California summarized the BitTorrent protocol as follows:

1    (Compl. ¶¶ 5, 14-18, 22-24.)  According to plaintiff, it has already determined that a person

2    named Steve Polan ("Mr. Polan") is the account holder of the IP address involved.  (App. for

3    Expedited Discovery at 5.)  According to plaintiff, "[e]ven if Mr. Polan did not download and

4    distribute Plaintiff's copyrighted video himself, the infringing activity occurred over his network

5    and the equipment he controls," such that Mr. Polan is the only person "with information that can

6    allow Plaintiff to identify the actual infringer."  (Id. at 5 n.1; 9.)  According to plaintiff, when

7    plaintiff's counsel contacted Mr. Polan, "Mr. Polan was entirely non-responsive, and in fact,

8    merely ignored all of Plaintiff's counsel's attempts to meet and confer" regarding the identity of

9    the alleged infringer.  (Id. at 9.)  Also according to plaintiff, plaintiff's counsel met and conferred

10   informally with Mr. Polan and "informed Mr. Polan of the allegations against him and the

11   likelihood of this lawsuit if Mr. Polan could not supply Plaintiff with a factually supportable

12   alibi," but never heard back from Mr. Polan.  (Id. at 5 n.1.)  Finally, plaintiff believes that "Mr.

13   Polan's evasive behavior thus far does not reflect the actions of an entirely innocent third party."

14   (Id.)

15

16              In the BitTorrent vernacular, individual downloaders/distributors of
            a particular file are called "peers."  The group of peers involved in
17          downloading/distributing a particular file is called a "swarm."  A server
            which stores a list of peers in a swarm is called a "tracker."  A computer
18          program that implements the BitTorrent protocol is called a BitTorrent
            "client."
19
                The BitTorrent protocol operates as follows.  First, a user locates a
20          small "torrent" file.  This file contains information about the files to be
            shared and about the tracker, the computer that coordinates the file
21          distribution.  Second, the user loads the torrent file into a BitTorrent client,
            which automatically attempts to connect to the tracker listed in the torrent
22          file.  Third, the tracker responds with a list of peers and the BitTorrent client
            connects to those peers to begin downloading data from and distributing data
23          to the other peers in the swarm.  When the download is complete, the
            BitTorrent client continues distributing data to the peers in the swarm until
24          the user manually disconnects from the swarm or the BitTorrent client
            otherwise does the same.
25

26   Diabolic Video Prods., Inc. v. Does 1-2099, No. 10-CV-5865-PSG, 2011 WL 3100404, at *1-2
     (N.D. Cal. May 31, 2011) (unpublished).

1    Plaintiff now requests the court to authorize service of a third party deposition

2    subpoena upon Mr. Polan.  Plaintiff states that, in some cases, an account holder may be able to

3    offer a credible explanation for why he or she is not the infringer and may be able to identify the

4    actual infringer, such as another household member or tenant.  (App. for Expedited Discovery at

5    5.)  As such, plaintiff contends that it cannot proceed in the action without ascertaining the likely

6    infringer's identity, and that Mr. Polan is the only person with information that can allow

7    plaintiff to identify the actual infringer and permit service of process on that individual.  (Id.)

8    II.    DISCUSSION

9        Federal Rule of Civil Procedure 26(d)(1) provides: "A party may not seek

10   discovery from any source before the parties have conferred as required by Rule 26(f), except in a

11   proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these

12   rules, by stipulation, *or by court order*" (emphasis added).  District courts within the Ninth

13   Circuit have permitted expedited discovery prior to the Rule 26(f) conference upon a showing of

14   "good cause."  E.g., In re Countrywide Fin. Corp. Derivative Litig., 542 F. Supp. 2d 1160, 1179

15   (C.D. Cal. 2008) (citing Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273 (N.D. Cal.

16   2002)); accord Am. LegalNet, Inc. v. Davis, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009).

17   "Good cause exists where the need for expedited discovery, in consideration of the

18   administration of justice, outweighs the prejudice to the responding party."  In re Countrywide,

19   542 F. Supp. 2d at 1179 (citation and internal quotation marks omitted); Semitool, Inc., 208

20   F.R.D. at 276.

21       The court must perform the evaluation of the existence of "good cause" in light of

22   "the entirety of the record . . . and the reasonableness of the request in light of all the surrounding

23   circumstances."  Semitool, Inc., 208 F.R.D. at 275 (citation & quotation marks omitted)

24   (emphasis removed); Am. Legalnet, 673 F. Supp. 2d at 1067.  Judges in the Northern District of

25   California have considered four factors derived from Columbia Ins. Co. v. Seescandy.com, 185

26   F.R.D. 573, 578-80 (N.D. Cal. 1999), in evaluating motions for permission to conduct early

4

1  discovery to ascertain the identities of Doe defendants.  These judges have considered  "whether

2  the plaintiff (1) identifies the Doe defendant with sufficient specificity that the court can

3  determine that the defendant is a real person who can be sued in federal court, (2) recounts the

4  steps taken to locate and identify the defendant, (3) demonstrates that the action can withstand a

5  motion to dismiss, and (4) proves that the discovery is likely to lead to identifying information

6  that will permit service of process."  See MCGIP, LLC v. Does 1-149, 2011 WL 3607666, at *2

7  (citing Columbia Ins., 185 F.R.D. at 578-80).

8          Good cause for expedited discovery is frequently found in cases involving claims

9  of infringement and unfair competition or in cases where the plaintiff seeks a preliminary

10  injunction.  Semitool, Inc., 208 F.R.D. at 276; Pod-Ners, LLC v. N. Feed & Bean of Lucerne Ltd.

11  Liability Co., 204 F.R.D. 675, 676 (D. Colo. 2002).[4]  Federal district courts in California have

12  applied the test in Semitool and found good cause to allow limited expedited discovery to

13  ascertain the identities of Doe defendants in copyright infringement actions.  See e.g. UMG

14  Recordings, Inc. v. Doe, No. C-08-03999 RMW, 2008 WL 4104207, at *1-3 (N.D. Cal. Sept. 4,

15  2008) (unpublished) (granting leave to take expedited discovery in the form of a Rule 45

16  subpoenas to obtain "documents that identify Defendant, including the name, current (and

17  permanent) address and telephone number, e-mail address, and Media Access Control addresses

18  for Defendant" John Doe); Arista Records LLC v. Does 1-43, No. 07cv2357-LAB (POR), 2007

19  WL 4538697, at *1-2 (S.D. Cal. Dec. 20, 2007) (unpublished) (granting leave to take expedited

20  discovery in the form of a Rule 45 subpoena for documents that would reveal each Doe

21

---

22    [4]  In cases involving both requests for expedited discovery and requests for a permanent
injunction, district courts have described the factors affecting the assessment of the reasonableness
23  of a request for expedited discovery as including: "(1) whether a preliminary injunction is pending;
(2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4)
24  the burden on the defendants to comply with the requests; and (5) how far in advance of the typical
discovery process the request was made." Am. Legalnet, 673 F. Supp. 2d at 1067 (citation and
25  quotation marks omitted).  Even if the court grants a party expedited discovery, in the interests of
justice, it may tailor its ruling to avoid "excessive or burdensome discovery."  Id. (citation and
26  quotation marks omitted).

1  defendant's "true name, current and permanent addresses and telephone numbers, e-mail

2  addresses, and Media Access Control addresses.").

3          In <u>Arista Records LLC</u>, the plaintiffs alleged that unidentified defendants had used

4  an online media distribution system to download and distribute plaintiffs' copyrighted works to

5  the public without permission.  <u>Arista Records LLC</u>, 2007 WL 4538697, at *1.  Because the

6  plaintiffs were only able to identify each defendant by a unique internet protocol address assigned

7  to that defendant, plaintiffs filed an ex parte application seeking leave to serve immediate

8  discovery on a third-party internet service provider ("ISP") to identify the Doe defendants' true

9  identities.  <u>Id.</u>  The court found good cause to allow expedited discovery based on the plaintiffs'

10 prima facie showing of infringement, the risk that the ISP would not long preserve the

11 information sought, the narrow tailoring of the requests to the minimum amount of information

12 needed to identify the defendants without prejudicing their rights, and the fact that the expedited

13 discovery would substantially contribute to moving the case forward.  <u>Id.</u>  The court further noted

14 that, without such discovery, plaintiffs could not identify the Doe defendants and would not be

15 able to pursue their lawsuit to protect their copyrighted works from infringement.  <u>Id.</u>

16         Here, plaintiff has not demonstrated good cause for the expedited discovery

17 requested.  Unlike the plaintiffs in <u>UMG Recordings, Inc.</u> and <u>Arista Records LLC</u>, plaintiff has

18 *already discovered* the name and contact information of the account holder of the IP address

19 involved.  Therefore, assuming plaintiff has a good faith basis for its claims, plaintiff can name

20 Mr. Polan as a defendant and serve him with process.  Simply put, plaintiff has not shown that it

21 is unable to pursue its lawsuit to protect its copyrights absent expedited discovery.

22         Moreover, even if plaintiff were to establish good cause for the expedited

23 discovery requested, it is outweighed by the significant potential prejudice to the responding

24 party, Mr. Polan.  "Expedited discovery may be inappropriate where defendants are required to

25 unwarily incriminate themselves before they have a chance to review the facts of the case and to

26 retain counsel."  <u>Pod-Ners, LLC</u>, 204 F.R.D. at 676 (citations omitted).  To be sure, courts

1  frequently allow expedited discovery in copyright infringement cases involving peer-to-peer

2  ("P2P") networks to allow identification of Doe defendants.  But, the expedited discovery

3  requested is usually a narrowly tailored document subpoena upon a third party internet service

4  provider, which seeks the minimum amount of information needed to identify defendants, such

5  as names, addresses, phone numbers, and e-mail addresses of account holders associated with the

6  IP addresses.  See e.g. Diabolic Video, 2011 WL 3100404, at *4 (where complaint named 2,099

7  Doe defendants, court severed Does 2 through 2,099 and granted expedited discovery in the form

8  of "a Rule 45 subpoena" on a third party internet service provider, which would seek

9  "information sufficient to identify Doe 1, including the name, addresses, telephone numbers, and

10 email addresses of Doe 1"); IO Group, Inc. v. Does 1-65, No. 10-4377 SC, 2010 WL 4055667, at

11 *3 (N.D. Cal. Oct. 15, 2010) (unpublished) (granting expedited discovery in the form of "a Rule

12 45 subpoena on [third party internet service provider] seeking documents sufficient to identify

13 the names, addresses, telephone numbers, and e-mail addresses associated with the sixty-five IP

14 addresses identified in the Complaint"); UMG Recordings, Inc., 2008 WL 4104207, at *3

15 (granting expedited discovery in the form of a "Rule 45 subpoena on [third party internet service

16 provider] to seek documents revealing the name, current and permanent address, e-mail address,

17 and Media Access Control address of John Doe"); Arista Records LLC, 2007 WL 4538697, at

18 *1-2 (granting expedited discovery in the form of a Rule 45 subpoena upon third party internet

19 service provider "seeking documents that identify Defendant's true name, current and permanent

20 addresses and telephone numbers, e-mail addresses, and Media Access Control addresses").

21         In this case, plaintiff already has the name and contact information of the account

22 holder, needs nothing further from a third party internet service provider, and instead seeks to

23 orally depose the identified account holder.  During the deposition, plaintiff "intends to elicit

24 facts about Mr. Polan's involvement, if any, with the unauthorized distribution of Plaintiff's

25 video(s) via Mr. Polan's IP address; to learn about Mr. Polan's computers and network setup; to

26 assess Mr. Polan's technical savvy; and to identify any other persons who had access to Mr.

7

1  Polan's computer and network." (App. for Expedited Discovery at 11.)  This goes far beyond

2  seeking to identify a Doe defendant.  Instead, it amounts to a full-on deposition during which Mr.

3  Polan, who plaintiff admits is likely not represented by counsel (Id. at 5 n.1), may unwarily

4  incriminate himself on the record before he has even been named as a defendant and served with

5  process.[5]  Accordingly, plaintiff has failed to show "good cause" warranting the requested

6  expedited discovery, and plaintiff has not shown that "good cause" outweighs the likely prejudice

7  that would result from the deposition of Mr. Polan.

8          The undersigned is also troubled by plaintiff's failure to substantiate certain

9  claims made in its moving papers.  For instance, in arguing that plaintiff has "exhausted all other

10  means of discovery to identify John Doe" (App. for Expedited Discovery at 9) plaintiff represents

11  that its counsel "attempted to contact Mr. Polan . . . to further determine the identity of the

12  infringer . . . [but] Mr. Polan was entirely non-responsive, and, in fact, merely ignored all of

13  Plaintiff's counsel's attempts to meet and confer."  (Id. at 5 n.1; 9.)  However, plaintiff's counsel

14  did not file an accompanying declaration in support of these representations, leaving the court to

15  accept them on faith alone.[6]  Similarly, plaintiff repeatedly argues that the requested third party

16  deposition subpoena will be "narrowly tailored to be the least intrusive" to Mr. Polan and

17  "reasonably calculated" to lead to discovery of the infringer's true identity.  (Id. at 7.)  However,

18

19      [5] Plaintiff argues that the proposed expedited discovery would minimize the burden on Mr.
Polan, because the deposition would take place within 100 miles of Mr. Polan's residence, plaintiff
20  is willing to pay his attendance fees and mileage, and he would not have to incur the costs of
responding to plaintiff's complaint and bear the burden of discovery costs. (App. for Expedited
21  Discovery at 12.) However, the court is not greatly troubled by these considerations, given that Mr.
Polan has apparently declined to informally meet and confer with plaintiff. The significant prejudice
22  that could result from an open-ended deposition of a potential defendant, before he has even had an
opportunity to review the claims against him and obtain counsel, is of much greater concern.

23
        [6] For example, at the second step of the four-part analysis stated in Columbia Ins. and
24  described above, the court determined that the plaintiff had sufficiently identified "all previous steps
taken to locate the elusive defendant" where plaintiff's counsel had "certified" and described various
25  specific efforts made on that front.  Columbia Ins., 185 F.R.D. at 579.  In this case, however,
plaintiff's counsel has not "certified" anything with respect to efforts made to locate and identify the
26  true defendant.

1  plaintiff did not file a copy of any draft proposed deposition subpoena to Mr. Polan, so the court

2  is left to guess at the precise verbiage and scope that plaintiff would ultimately employ in the

3  actual subpoena.

4        In sum, plaintiff has not shown that good cause exists for the early discovery

5  requested.  Assuming plaintiff has a good faith basis for its claims, plaintiff can name Mr. Polan

6  as a defendant, serve him with process, hold the Rule 26(f) conference, and conduct any

7  discovery necessary.  Procedural vehicles exist to later add and/or dismiss defendants based on

8  additional facts discovered, if necessary.

9  III.   CONCLUSION

10        Accordingly, for the reasons discussed above, IT IS HEREBY ORDERED that

11  plaintiff's ex parte application for leave to take expedited discovery (App. for Expedited

12  Discovery, Dkt. No. 7) is DENIED.

13        IT IS SO ORDERED.

14  DATED:  January 20, 2012

16  _____
17  KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

9