MARK A. CAMPBELL (SB# 93595)
J. DOUGLAS DURHAM (SB# 153476)
**MURPHY, CAMPBELL, GUTHRIE & ALLISTON**
8801 Folsom Boulevard, Suite 230
Sacramento, CA  95826

Telephone: (916) 400-2300
Fax: (916) 400-2311

Attorneys for Defendant
Steve Polan

# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA
# SACRAMENTO DIVISION

| | |
|---|---|
| PINK LOTUS ENTERTAINMENT, LLC,<br><br>Plaintiff(s),<br><br>vs.<br><br>JOHN DOE AND STEVE POLAN,<br><br>Defendant(s). | Case No. 2:11-cv-3073 WBS-KJN<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT STEVE POLAN TO FIRST AMENDED COMPLAINT** |

Defendant STEVE POLAN ("POLAN"), for himself only, responds to the allegations of the First Amended Complaint ("FAC") by plaintiff PINK LOTUS ENTERTAINMENT, LLC ("PINK") as follows:

1. POLAN is without knowledge or information sufficient to admit or deny the facts alleged in Paragraph 1 and denies such allegations accordingly.

2. POLAN is without knowledge or information sufficient to admit or deny the facts alleged in Paragraph 2 and denies such allegations accordingly.

3 POLAN is without knowledge or information sufficient to admit or deny the facts alleged in Paragraph 3 and denies such allegations accordingly.

4. POLAN admits he is an individual over the age of 18 years. POLAN is without knowledge or information sufficient to admit or deny the remaining facts alleged in

Paragraph 4 and denies such allegations accordingly.

5. POLAN is without knowledge or information sufficient to admit or deny the facts alleged in Paragraph 5 and denies such allegations accordingly.

6. POLAN is without knowledge or information sufficient to admit or deny the facts alleged in Paragraph 6 and denies such allegations accordingly.

7. POLAN denies the allegations of paragraph 7.

8. POLAN denies the allegations of paragraph 8.

9. POLAN admits this Court has original jurisdiction over copyright infringement claims under the Copyright Act. POLAN denies that this Court has or should exercise supplemental jurisdiction under 28 U.S.C. §1367(a), but rather, should decline to exercise such jurisdiction pursuant to 28 U.S.C. §1367(c)(4) because of POLAN's affirmative defenses and claims arising under state law, including without limitation civil conspiracy.

10. POLAN admits that he resides in California and denies that he committed any copyright infringement in the State of California.

11. POLAN admits that he resides within this District. POLAN is without knowledge or information sufficient to admit or deny that the events giving rise to PINK's suit occurred within this District and denies such allegations accordingly.

12. POLAN is without knowledge or information sufficient to admit or deny the facts alleged in Paragraph 12 and denies such allegations accordingly.

13. POLAN is without knowledge or information sufficient to admit or deny the facts alleged in Paragraph 13 and denies such allegations accordingly.

14. POLAN is without knowledge or information sufficient to admit or deny the facts alleged in Paragraph 14 and denies such allegations accordingly.

15. POLAN is without knowledge or information sufficient to admit or deny the facts alleged in Paragraph 15 and denies such allegations accordingly.

16. POLAN is without knowledge or information sufficient to admit or deny the facts alleged in Paragraph 16 and denies such allegations accordingly.

17. POLAN is without knowledge or information sufficient to admit or deny the

facts alleged in Paragraph 17 and denies such allegations accordingly.

18.   POLAN is without knowledge or information sufficient to admit or deny the facts alleged in Paragraph 18 and denies such allegations accordingly.

19.   POLAN is without knowledge or information sufficient to admit or deny the facts alleged in Paragraph 19 and denies such allegations accordingly.

20.   POLAN is without knowledge or information sufficient to admit or deny the facts alleged in Paragraph 20 and denies such allegations accordingly.

21.   POLAN is without knowledge or information sufficient to admit or deny the facts alleged in Paragraph 21 and denies such allegations accordingly.

22.   POLAN is without knowledge or information sufficient to admit or deny the facts alleged in Paragraph 22 and denies such allegations accordingly.

23.   POLAN is without knowledge or information sufficient to admit or deny the facts alleged in Paragraph 23 and denies such allegations accordingly.

24.   POLAN is without knowledge or information sufficient to admit or deny the facts alleged in Paragraph 24 and denies such allegations accordingly.

25.   POLAN is without knowledge or information sufficient to admit or deny the facts alleged in Paragraph 25 and denies such allegations accordingly.

26.   POLAN is without knowledge or information sufficient to admit or deny the facts alleged in Paragraph 26 and denies such allegations accordingly.

27.   POLAN is without knowledge or information sufficient to admit or deny the facts alleged in Paragraph 27 and denies such allegations accordingly.

28.   POLAN is without knowledge or information sufficient to admit or deny the facts alleged in Paragraph 28 and denies such allegations accordingly.

29. – 56.   POLAN states that the allegations of Paragraphs 29 through 56 are not directed to POLAN, assert no facts or claims against POLAN, and POLAN is without knowledge or information sufficient to admit or deny the facts alleged in Paragraphs 29 through 56, and denies such allegations accordingly.

57.   POLAN hereby incorporates by reference each and every response to

Paragraphs 1 through 56 as if fully set forth herein as his response to Paragraph 57.

58. POLAN denies the allegations of Paragraph 58.

59. POLAN denies the allegations of Paragraph 59.

60. POLAN denies the allegations of Paragraph 60.

61. POLAN denies the allegations of Paragraph 61.

62. POLAN denies the allegations of Paragraph 62.

63. POLAN denies the allegations of Paragraph 63.

64. POLAN denies the allegations of Paragraph 64.

65. POLAN denies the allegations of Paragraph 65.

66. POLAN denies the allegations of Paragraph 66.

67. POLAN denies the allegations of Paragraph 67.

68. No response to PINK's Jury Demand is required.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

1. The FAC fails to state a claim against POLAN upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Comparative Fault)**

2. On information and belief, any purported damages suffered by PINK, which POLAN denies, were proximately caused, in whole or in part, by PINK's own affirmative acts and/or omissions, and/or negligence, or the acts, omissions and/or negligence of third parties over whom POLAN has no control and for whom POLAN has no responsibility, such that any recovery by PINK against POLAN should be reduced by an amount that is in proportion to the extent such damages are the result of PINK's own conduct or that of such third parties.

///

### THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

3. PINK has a duty to mitigate its damages, but has failed to reasonably do so to the extent that it cannot recover damages.

### FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

4. PINK's claims are barred by application of the doctrine of Unclean Hands.

### FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

5. PINK's claims are barred by application of the doctrine of Waiver.

### SIXTH AFFIRMATIVE DEFENSE

### (Estoppel)

6. PINK's claims are barred by application of the doctrine of Estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Properly Register)

7. On information and belief, PINK failed to properly register the alleged work with the U.S. Copyright Office before filing suit, precluding PINK's claim for attorney's fees and statutory damages.

### EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Join Indispensable Parties)

8. PINK filed its original complaint on November 21, 2011, obtained expedited discovery to determine the identity of other persons allegedly part of the bit swarm that PINK claims POLAN was a part of, obtained information identifying those other persons, but has failed to name and join them to preclude their participation with POLAN in defending the claims based on the alleged copyright infringement on March 11, 2011.

///

///

///

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT STEVE POLAN TO FIRST AMENDED COMPLAINT

## **NINTH AFFIRMATIVE DEFENSE**

### **(No Damages)**

9. On information and belief, PINK has sustained no damages actually or proximately caused by POLAN. PINK has not lost sales or suffered price erosion or diminution in the value of its allegedly copyrighted work through any conduct of POLAN.

## **TENTH AFFIRMATIVE DEFENSE**

### **(Civil Conspiracy)**

10. On information and belief, PINK has conspired with others to entice consumers on the Internet to link to a website under the control of PINK and/or its agents in order to create a trail to be used as the basis for claims of copyright infringement, which are then asserted by letters and telephone calls from a law firm outside the State of California, accusing POLAN and others of illegally downloading pornographic materials. In order to coerce the recipient into paying to settle PINK's claims these communications consist of, or are accompanied by, detailed assertions of complex copyright matters not within the knowledge of the average person, threats of suit, demands that documents and materials be preserved, threats of six-figure liability, and threats of public disclosure of the allegation the recipient downloaded pornographic material. These communications include a four figure settlement demand well below the asserted six-figure liability claimed, and a proposed confidential Release.

Rather than pursue legitimate profits, PINK has conspired with others, including at least one law firm, to pursue private individuals on highly technical claims which the average individual lacks the knowledge required to understand or defend, has threatened the ruinous costs of litigation and six-figure liability, has threatened to link such individuals with embarrassing public accusations, and has demanded settlements in a range far less than the likely cost of defending such complex litigation, all to coerce settlements that generate profits for PINK and its co-conspirators.

///

///

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT STEVE POLAN TO FIRST AMENDED COMPLAINT

## PRAYER FOR RELIEF

**WHEREFORE,** POLAN respectfully requests that this Court enter judgment in POLAN's favor and against PINK and issue an Order providing:

1. PINK take nothing and absolving POLAN from any liability to PINK;

2. POLAN shall recover his attorneys' fees and costs from PINK;

3. Such other and further relief as the Court deems just and appropriate in the circumstances.


DATED:  July 13, 2012            MURPHY, CAMPBELL, GUTHRIE & ALLISTON



                         By:   /s/ J. Douglas Durham
                               Mark A. Campbell
                               J. Douglas Durham
                               Attorney for Defendant STEVE POLAN

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT STEVE POLAN TO FIRST AMENDED COMPLAINT